IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1998 SESSION

FILED

March 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,               )
                                  )
            APPELLEE,             )
                                  )     No. 02-C-01-9705-CR-00188
                                  )
                                  )     Shelby County
v.                                )
                                  )     James C. Beasley, Jr., Judge
                                  )
                                  )     (Sentencing)
CONNIE L. FULTON,                 )
                                  )
            APPELLANT.            )


FOR THE APPELLANT:                      FOR THE APPELLEE:

Robert M. Brannon, Jr.                  John Knox Walkup
Attorney at Law                         Attorney General & Reporter
295 Washington Ave., Suite 3            425 Fifth Avenue, North
Memphis, TN 38103                       Nashville, TN 37243-0493

                                        Elizabeth T. Ryan
                                        Assistant Attorney General
                                        425 Fifth Avenue, North
                                        Nashville, TN 37243-0493

                                        William L. Gibbons
                                        District Attorney General
                                        201 Poplar Avenue, Suite 3-01
                                        Memphis, TN 38103

                                        Karen Cook
                                        Assistant District Attorney General
                                        201 Poplar Avenue, Suite 3-01
                                        Memphis, TN 38103


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# OPINION

The appellant, Connie L. Fulton (defendant), appeals as of right from a judgment of the trial court revoking her probation and refusing to impose a second alternative sentence. In this court, the defendant challenges the refusal of the trial court to impose a second alternative sentence after revoking her probation. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

This court's review is hampered by the failure of the defendant to include a presentence report in the record. This court assumes a presentence report was prepared and considered by the trial court. The trial court alluded to certain salient facts which are not included in the record. These facts are extremely relevant to whether the defendant should receive another alternative sentence.

The defendant entered a plea of guilty to the possession of cocaine with intent to sell, a Class C felony, on February 5, 1993. The trial court entered a judgment of conviction on June 4, 1993. The defendant was sentenced as a Range I standard offender. The sentence consisted of a $2,000 fine and confinement for five (5) years in the Shelby County Correctional Center. The court suspended all but fifty (50) days of the sentence, which was to be served on weekends, and placed the defendant on probation for five (5) years.

On September 3, 1996, the State of Tennessee (state) filed a petition to revoke the defendant's probation. The petition alleged the defendant had failed to report to the probation officer as directed and she had been arrested and convicted of one felony and four misdemeanors while on probation for the offense in question. An evidentiary hearing was held on December 17, 1996. The trial court revoked the defendant's probation and ordered that she serve the remainder of the sentence.

The defendant was required to report to her probation officer each month. The evidence introduced by the state revealed the defendant did not report to the probation officer from September 30, 1994 until March of 1995. The probation officer attempted to contact the defendant by telephone and by letter on numerous occasions. The defendant

admitted she was living at the same address the entire time, but she never received the letters sent to that address.

When the defendant reported to the probation officer in March, she advised the officer she had been arrested for the commission of new offenses. The officer advised the defendant a revocation proceeding would be instituted because she had violated the terms of her probation. Although the defendant was advised to continue to report, the defendant did not report after the March meeting.

In refusing to impose an alternative sentence, the trial court stated the defendant had been convicted of seven counts of shoplifting and several misdemeanors before she was placed on probation for the offense in question. On August 6, 1996, the defendant entered pleas of guilty to theft over $500, a Class E felony, two counts of theft under $500, Class A misdemeanors, driving after her license had been suspended, revoked or canceled, also a Class A misdemeanor, and reckless driving, a Class B misdemeanor.

When an accused challenges the refusal of a trial court to impose an alternative sentence to incarceration, it is the duty of this court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Smith, 891 S.W.2d 163, 166 (Tenn. Crim. App.), per. app. denied (Tenn. 1994). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination is based upon the witnesses' demeanor and appearance when testifying.

In conducting a de novo review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, when available, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating

3

or enhancing factors, (g) any statements made by the accused in her own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210. State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App.), per. app. denied (Tenn. 1987).

When the accused is the party challenging the sentence, the accused has the burden of establishing that the sentence imposed by the trial court was erroneous. Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401; Ashby, 823 S.W.2d at 169.

While the defendant is entitled to the presumption of being fit for alternative sentencing, Tenn. Code Ann. § 40-35-102(6), the record clearly rebuts this presumption. The trial court noted the defendant had been convicted of seven counts of shoplifting and other misdemeanors prior to being placed on probation in this case. While on probation, the defendant committed and has been convicted of a felony and three misdemeanor offenses. As the trial court insinuated, releasing the defendant back into the community would result in the defendant committing additional criminal acts.

Confinement in this case is necessary to protect society due to the defendant's long history of criminal conduct, Tenn. Code Ann. § 40-35-103(1)(A), and to avoid depreciating the seriousness of the offense and deter the defendant and others from engaging in the same course of conduct. Tenn. Code Ann. § 40-35-103(1)(B). Also, measures less restrictive than confinement have recently been applied unsuccessfully to the defendant, Tenn. Code Ann. § 40-35-103(1)(C), and it is apparent the defendant lacks the potential for rehabilitation given her prior record and proclivity to commit a multitude of offenses while on probation. Tenn. Code Ann. § 40-35-103(5).

This court is of the opinion the trial court properly denied the defendant's request to be considered for a second alternative sentence for the foregoing reasons. Thus, the judgment of the trial court is affirmed.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE